UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ROBINSON, JR.,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AGAINST NON-FEDERAL,<br><br>　　　　　　Defendants. | Case No. 2:25-00647 HDV (ADS)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

## I.     INTRODUCTION

Plaintiff Gary Robinson, Jr., a prisoner at Salinas Valley State Prison, proceeding pro se, filed a Complaint under 42 U.S.C. § 1983.  (Dkt. No. 1).  On June 3, 2025, during screening of the Complaint, the Court dismissed the Complaint with leave to amend and granted Plaintiff leave to file a First Amended Complaint by no later than June 24, 2025.  (Id.)  On August 22, 2025, the Court issued an Order to Show Cause Why Case Should Not Be Dismissed for Failure to Prosecute and Obey Court Orders.  (Dkt. No. 15.)

1  Despite warnings that that case may be dismissed, Plaintiff has not filed any response to
2  either the June 3, 2025 Order Dismissing with Leave to Amend, or the August 22, 2025
3  Order to Show Cause.  The last filing Plaintiff submitted to the Court was on March 6,
4  2025.

5  **II.    DISCUSSION**

6        Dismissal of this action is warranted due to Plaintiff's failure to prosecute the
7  case and comply with court orders.  The Court has the inherent power to achieve the
8  orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R.
9  Civ. P. 41(b) for failure to prosecute and failure to comply with a court order.  See Link v.
10 Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291
11 F.3d 639, 640 (9th Cir. 2002).  The Court weighs the following factors when
12 determining whether to dismiss an action for failure to comply with a court order or
13 failure to prosecute: (1) the public's interest in the expeditious resolution of litigation;
14 (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant;
15 (4) the public policy favoring disposition of cases on their merits; and (5) the availability
16 of less drastic sanctions.  Pagtalunan, 291 F.3d at 642.

17       Here, the first, second, third, and fifth factors weigh in favor of dismissal.  First,
18 Plaintiff has failed to engage with this case in any way since March 6, 2025, and failed to
19 respond to the Court's June 3, 2025 Order Dismissing with Leave to Amend or to the
20 August 22, 2025 Order to Show Cause.  This failure to prosecute the case has interfered
21 with the public's interest in the expeditious resolution of this litigation and the Court's
22 need to manage its docket.  See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th
23 Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors
24 dismissal.").  Second, Plaintiff has failed to rebut the presumption that defendants have

been prejudiced by this unreasonable delay.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)).  Third, there is no less drastic sanction available as the Court has warned Plaintiff multiple times that the case would be dismissed.  Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal.  See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Finally, although the fourth factor always weighs against dismissal, here Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits.  Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics.").  Having weighed these factors, the Court finds that dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b) is warranted.

///

///

///

## III. CONCLUSION

Accordingly, this action is dismissed for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

**IT IS SO ORDERED**.

Dated: 10/03/25

											THE HONORABLE HERNÁN D. VERA
											United States District Judge

Presented by:

    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge